UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KIMBRA MATTHEWS,

        Plaintiff,

-vs-                                            Case No. 5:05-cv-344-Oc-10GRJ

VILLAGE CENTER COMMUNITY
DEVELOPMENT DISTRICT,

        Defendant.
_____

## **O R D E R**

This is an action by Plaintiff Kimbra Matthews pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") and Florida's Civil Rights Act of 1992, § 760.01 *et seq.* ("FCRA") against her former employer, The Village Center Community Development District ("Village Center"). Ms. Matthews alleges that she was denied medical leave under the FMLA to receive treatment for a serious eye condition, was denied reasonable accommodations for her eye condition, and was discriminatorily terminated and retaliated against for requesting leave and/or such accommodations, in violation of both the FMLA and FCRA. Before the Court for consideration is Village Center's Motion to Dismiss (Doc. 5). Ms. Matthews has not responded to this motion, and the time for responding has elapsed. Upon due consideration, and for the reasons that follow, Village Center's motion is due to be granted without prejudice. The Plaintiff shall have ten (10) days from the date of this Order to file an amended complaint, if any.

**Background and Facts**

The following facts are alleged in Ms. Matthews' Complaint (Doc. 2) and are taken as true for the purposes of the motion to dismiss. Ms. Matthews worked as a full-time accountant for Village Center from approximately February 2001 to September 7, 2004. She met all hourly and length of employment requirements for eligibility for FMLA leave. While employed by Village Center, Ms. Matthews received positive employment performance evaluations and at all times was qualified to perform her essential job functions.

During her employment with Village Center, Ms. Matthews suffered from a degenerative eye disorder known as keratoconus, as well as other unspecified medical conditions. Ms. Matthews alleges that these medical conditions constituted a "handicap" as defined by the FCRA and a "serious health condition" as defined by the FMLA, and that these medical conditions substantially impaired one or more of her major life activities. Despite these illnesses, Ms. Matthews was able to continue to perform her essential job functions, and only required minor and reasonable accommodations from Village Center, without any undue hardship to her employer.

On April 19, 2004, Ms. Matthews underwent eye surgery. She returned to work on May 3, 2004, working half-day shifts. On May 20, 2004 and June 9, 2004 Ms. Matthews requested leave under the FMLA to continue working half-day shifts for a limited period of time. Village Center denied both of these requests, first under the rationale that it was

"unsure how the FMLA worked," and second because it needed a full-time person to perform Ms. Matthews' job functions. Village Center began to advertise for a replacement for Ms. Matthews on May 22, 2004, and on June 11, 2004, Village Center forced Ms. Matthews to take a full twelve weeks of FMLA medical leave, which Ms. Matthews did not request and did not want to take.

While on leave, Village Center terminated Ms. Matthews' employment on September 7, 2004. Ms. Matthews alleges she was terminated in part in retaliation for her request for FMLA leave and for a reasonable accommodation in the form of a temporarily reduced work schedule. Ms. Matthews further alleges she was terminated and treated differently than other employees who did not suffer from disabilities and/or did not request FMLA leave.

## Procedural History

Ms. Matthews filed a five count Complaint (Doc. 2) against Village Center in the Circuit Court for the Fifth Judicial Circuit in and for Lake County, Florida, on June 29, 2005. Counts I-III allege disability discrimination under the FCRA for disparate treatment, retaliation and failure to accommodate based on Village Center's denial of her requested half-day work schedule and termination of her employment. Counts IV and V allege denial of leave and retaliation under the FMLA. On July 29, 2005, Village Center filed a notice of removal with this Court (Doc. 1), which Ms. Matthews has never contested.

Village Center moved to dismiss the Complaint on July 21, 2005, while the case was still in state court. Rather than file a response to the motion, Ms. Matthews filed a motion with this Court following removal to amend and/or correct her complaint to cure the deficiencies pointed out in Village Center's motion (Doc. 6). The Magistrate Judge denied the motion to amend as moot on August 23, 2005 (Doc. 7) pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, which automatically provided Ms. Matthews at that time with the ability to file a first amended complaint as a matter of right. The Magistrate Judge provided Ms. Matthews until August 29, 2005 to file an amended complaint. However, Ms. Matthews has never filed an amended complaint, a response to Village Center's motion to dismiss, or any further papers with this Court.

## Discussion

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv. 400 F.2d 465, 471 (5th Cir. 1968). Thus, if a complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently plead. Dotschay v. Nat. Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957). As the Supreme Court declared in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."

See also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971). The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

***The Plaintiff's Complaint is Not Properly Structured***

Village Center first argues that the entire Complaint should be dismissed on the grounds that Ms. Matthews improperly references all of the paragraphs and allegations of her Complaint in each claim. For example, in Count II, Ms. Matthews re-alleges paragraphs 1-36 of her Complaint "as if fully set forth herein." See Complaint, ¶ 37. Ms. Matthews continues this practice in each of her subsequent claims. See Complaint, ¶¶ 42, 47, 75. It is the law of this Circuit that a party may not incorporate all allegations of each count in every successive count. Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir.2001); Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir.1997). Here, each count of the Complaint incorporates all paragraphs in all the previous counts. Accordingly, the Court finds that Ms. Matthews has not directed the Court to a short and plain statement

of the claims in accordance with the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and Village Center's motion to dismiss is due to be granted without prejudice.  See, e.g., Whitney Info. Network, Inc. v. Gagnon, No. 2:03-CV-677, 2005 WL 91258 (M.D.Fla. Jan.14, 2005) (counterclaim that incorporated all allegations of each count in every successive count, as well as all paragraphs in the answer and affirmative defenses, was subject to dismissal as "shotgun" pleading); MacMorris v. Wyeth, Inc., No. 2:04-CV-596-FTN-29DNF, 2005 WL 1528626 (June 27, 2005) (allowing for amendment of complaint to avoid dismissal where each count incorporated every paragraph of the previous counts).

***The Plaintiff has Failed to Allege Exhaustion of Her FCRA Claims***

Even if Ms. Matthews' Complaint did not violate applicable pleading standards, her FCRA claims would be subject to dismissal for a separate and equally effective rationale. Village Center also correctly argues that Ms. Matthews' FCRA claims should be dismissed for failure to exhaust administrative remedies. As with most federal discrimination claims, prior to filing a lawsuit alleging a violation of the FCRA, the aggrieved party must first file an administrative charge with the Florida Human Relations Commission and exhaust all administrative remedies. Williams v. Eckerd Family Youth Alternative, 908 F. Supp. 908, 910 (M.D. Fla. 1995); Ali v. City of Clearwater, 807 F. Supp. 701, 703 (M.D. Fla. 1992); Fla. Stat. § 760.10(10); Kourtis v. Eastern Airlines, 409 So.2d 139 (Fla. 4th DCA 1982). Such a charge must be filed within 365 days of the alleged violation, absent tolling, and if

the Commission fails to take final action within 180 days of the date a charge is filed, the aggrieved party may then file a civil action. Fla. Stat. §§ 760.11(1); 760.10(10), (12).

Ms. Matthews' Complaint is completely devoid of any allegations that she ever filed a charge with the FCRA, or that she has exhausted her administrative remedies. In her motion for leave to amend (Doc. 6), Ms. Matthews asserts that she did file a charge both with the Florida Human Relations Commission and with the Equal Employment Opportunity Commission, and that she received a right to sue letter regarding her charge. It is thus clear that this pleading defect can be easily cured by Ms. Matthews filing an amended complaint. As such, Village Center's motion to dismiss will be granted as to Ms. Matthews' FCRA claims without prejudice for this additional reason.[1]

***The Plaintiff Can Assert a Failure to Accommodate Claim Under the FCRA***

Village Center also seeks a dismissal with prejudice of Ms. Matthews' third count in her Complaint, which is styled as a claim of handicap discrimination under the FCRA for failure to accommodate. According to Village Center, the FCRA does not recognize claims for failure to provide reasonable accommodations; rather the FCRA only recognizes claims for disability discrimination and retaliation. Village Center is wrong.

---

[1]Village Center appears to seek dismissal of the enter Complaint based on Ms. Matthews' failure to allege exhaustion of administrative remedies. However, the FMLA does not require the filing of a charge with the appropriate investigative agency prior to filing suit, therefore this argument has no effect with respect to Ms. Matthews' FMLA claims. See, e.g., Spurlock v. NYNEX, 949 F. Supp. 1022 (W.D.N.Y. 1996) (the FMLA does not contain an administrative exhaustion requirement involving the EEOC or any other federal agency).

When analyzing discrimination claims under the FCRA based on an aggrieved party's alleged disability, state and federal courts apply the same analytical framework used in the federal Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Chanda v. Engelhard/ICC, 234 F.3d 1219, 1221 (11th Cir. 2000); Fromm-Vane v. Lawnwood Med. Ctr., Inc., 995 F. Supp. 1471, 1475, n. 4 (S.D. Fla. 1997). It is clear that the ADA recognizes separate claims for a failure to accommodate. See, e.g., Lowe v. Alabama Power Co., 244 F.3d 1305 (11th Cir. 2001); Willis v. Conopco, Inc., 108 F.3d 282 (11th Cir. 1997); Musarra v. Vineyards Development Corp., 343 F. Supp.2d 1116 (M.D. Fla. 2004). Village Center even cites the relevant provision from the ADA which explicitly provides for a claim under the ADA where an employer does "not mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, . . . ." 42 U.S.C. § 12112(b)(5)(A). Village Center's motion to dismiss Count III of Ms. Matthews' Compliant with prejudice is therefore denied.

## Conclusion

Accordingly, upon due consideration and for the reasons set forth above, Village Center's Motion to Dismiss (Doc. 5) is GRANTED WITHOUT PREJUDICE. The Plaintiff shall have ten (10) days from the date of this Order to file an amended complaint correcting the deficiencies described above. Given the fact that the Court has previously provided the Plaintiff with an opportunity to correct these defects, which the Plaintiff failed to take

8

advantage of, the Court will not look favorably upon any requests for additional time to amend the Complaint.  Moreover, failure to file an amended complaint within this time frame shall result in an entry of judgment dismissing this case without further notice from the Court.

    IT IS SO ORDERED.

    DONE and ORDERED at Ocala, Florida this 13th day of February, 2006.

                                               UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record